JAMES COWEE, PLAINTIFF IN ERROR, v. ED. HOOPER, DEFENDANT IN ERROR.

**Practice in Supreme Court.** There is no principle of law decided herein, as there was none involved in the case. Judgment below affirmed.

ERROR to the district court for Hall county. Tried below before GEORGE W. POST, J.

*O. A. Abbott* and *G. H. Caldwell,* for plaintiff in error.

*T. O. C. Harrison,* for defendant in error.

COBB, J.

The sole point made in this case by the plaintiff in error is, that the verdict of the jury is not sustained by the evidence, and it is urged, in effect, that this court should regard the verdict as the result of passion, prejudice, undue influence, or mistake on the part of the jury, and reverse the judgment and grant a new trial.

The action was brought on a promissory note executed by the plaintiff in error to one James I. Dillon, dated December 6, 1875, payable six months after date, and calling for forty-two dollars, with interest at ten per cent, and which note came into the hands of the plaintiff (defendant in error) after maturity. To the petition on the above note the defendant answered, alleging that the said note was made by him and delivered to said James I. Dillon as first payment on a certain tract of land owned by said Dillon, and by him sold to said defendant for a consideration, part of cash and part on time, secured by notes and mortgage. That after the delivery of such notes and mortgage by the defendant to the said Dillon the said purchase and sale of the said tract of land was mutually rescinded between the respective parties, the said mortgage was canceled, and that said Dillon agreed and promised to deliver up all of the notes given for the purchase money for said land, and especially the note mentioned in said plaintiff's petition, etc. The plaintiff replied to the said answer, denying that the note sued on was one of the notes given by the said defendant to the said Dillon as a part of the purchase price of the said tract of land, but alleging that the said note was given by the said defendant to the said Dillon for the purchase price of certain household and other personal property purchased by said defendant from said Dillon, etc.

The principal testimony on the part of the plaintiff consists of the deposition of James I. Dillon, and on the part of the defendant of his own testimony, and either of them taken alone is, I think, sufficient to establish his respective theory of the case.   But their statements are conflicting with each other, and both cannot be true.   It cannot be said that there is a clear want of testimony to sustain the verdict, nor could it have been said had the verdict been the other way.   There is one point, however, which no doubt had great weight with the jury.   All agree that the real estate notes were to draw interest at but six per cent, while the note in suit provides for interest at ten per cent. This, I think, added to the positive statements of the witness Dillon, was sufficient to turn the scale in favor of the plaintiff in the court below, without the intervention of passion, prejudice, undue influence, or mistake.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.